NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: THOMAS M. CAGNEY,<br><br>Debtor. | No. 11-60009<br><br>BAP No. 10-1035 |
| THOMAS M. CAGNEY,<br><br>Appellant,<br><br>v.<br><br>ANDREA J. SMITH,<br><br>Appellee. | MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Jury, and Bauer, Bankruptcy Judges, Presiding

Submitted January 17, 2012[**]

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Thomas M. Cagney appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order determining that an Arizona state court civil judgment owed to Andrea J. Smith was nondischargeable debt. We have jurisdiction under 28 U.S.C. § 158(d). We independently review decisions of the BAP, and review de novo the bankruptcy court's conclusions of law and for clear error its findings of fact, *Wickland Oil Co. v. Official Creditors' Comm. (In re Wolverton Assocs.)*, 909 F.2d 1286, 1292 (9th Cir. 1990), and we affirm.

The bankruptcy court did not clearly err in finding that Cagney assaulted Smith with a shotgun given the evidence in the record, including Cagney's guilty plea to aggravated assault with a deadly weapon. *See id.* (bankruptcy court's factual findings should be affirmed unless, after reviewing all the evidence, there is a "definite and firm conviction that a mistake has been committed" (citation omitted)). Accordingly, the bankruptcy court properly determined that the debt to Smith resulting from the aggravated assault was nondischargeable. *See* 11 U.S.C. § 523(a)(6) (debts obtained for willful and malicious injury by the debtor to another entity are nondischargeable); Ariz. Rev. Stat. §13-1203(A)(2) ("A person commits assault by . . . [i]ntentionally placing another person in reasonable

apprehension of imminent physical injury."); *id*. § 13-1204 (A)(2) (providing that a person commits aggravated assault if "the person uses a deadly weapon or dangerous instrument").

Cagney's remaining contentions are unpersuasive.

Cagney's motion to file a late reply brief is granted.

**AFFIRMED.**